UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 3:06-cr-305-J-33MCR

MICHAEL LEE MCCAFFERTY
_____/

**FINAL JUDGMENT OF FORFEITURE**
**FOR SUBSTITUTE ASSETS**

This matter is before the Court pursuant to the Motion and Memorandum of the United States for Issuance of a Final Judgment of Forfeiture for Substitute Assets (Dkt. # 53), filed on November 29, 2007, pursuant to Rule 32.2(e)(1)(B), Federal Rules of Criminal Procedure, and 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), as to the following vehicles and real properties:

a. a 1999 GMC pick-up, VIN 1GTEK19TXXE507889;

b. a 2002 Cadillac, VIN No. 1GYEK63N82R114007;

c. a 1962 Chevrolet Corvette, VIN No. 20867S113194;

d. all that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located in Putnam County, Florida, Parcel Nos. 34-08-27-0000-0120-0010, 03-09-27-0000-0050-0000, 04-09-27-0000-0010-0011, 04-09-27-0000-0010-0010; and

e. all that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 9867 Sawgrass Drive, E., Ponte Vedra Beach, St. Johns County, Florida; and

On March 9, 2007, the Court entered its Preliminary Order of Forfeiture for Substitute Assets (Dkt. # 26), forfeiting the interest of Defendant Michael Lee McCafferty in the above-described vehicles and real properties.  The United States Marshals Service seized the above-described vehicles and real properties on the following dates:

   a.   the 1999 GMC pick-up on March 13, 2007 (Dkt. # 37);

   b.   the 2002 Cadillac on May 16, 2007 (Dkt. # 38);

   c.   the 1962 Chevrolet Corvette on June 7, 2007 (Dkt. # 49);

   d.   the real property located in Putnam County, Florida, Parcel Nos. 34-08-27-0000-0120-0010, 03-09-27-0000-0050-0000, 04-09-27-0000-0010-0011, 04-09-27-0000-0010-0010 on April 16, 2007 (Dkts. ## 31, 32, 33 & 34); and

   e.   the real property located at 9867 Sawgrass Drive, E., Ponte Vedra Beach, St. Johns County, Florida on May 1, 2007 (Dkt. # 36); and

The United States published notice of the forfeiture of the above-described vehicles and real properties in the St. Augustine Record, a newspaper of general circulation published in St. Johns County, Florida on May 11, 18 and 25, 2007 (Dkt. # 51), and in the Palatka Daily News, a newspaper of general circulation in Putnam County, Florida on May 11, 18 and 25, 2007 (Dkt. # 50).

On April 13, 2007, Notice of Forfeiture as to the 2002 Cadillac was sent to the Dublin Group via Regular Mail and Certified Mail.  On April 13, 2007, Notice of Forfeiture as to the real property parcels located in Putnam County, Florida was sent to

the Putnam County Tax Collector.  Notice of Forfeiture as to the real property located at 9867 Sawgrass Drive, E., Ponte Vedra Beach, Florida was sent to the following:

    a.    on April 13, 2007 - the Dublin Group;

    b.    on April 16, 2007 - St. Johns County Tax Collector; and

    c.    on May 16, 2007 - the Rough Creek Condo Association Inc.

No claim has been filed as to the 2002 Cadillac, no other potential third party claimants are known to the government, and the time for filing such claims has expired.

On May 3, 2007, although no claim was filed with the Court, a Stipulation was executed between the United States and the Putnam County Tax Collector, wherein the United States recognizes the unpaid *ad valorem* real property taxes and expenses due and owing on the real property parcels located in Putnam County, Florida (Dkt. # 53, Ex. A).  Although no claim was filed with the Court, a Stipulation was executed between the United States and the St. Johns County Tax Collector (Dkt. # 53, Ex. B), wherein the United States recognizes the unpaid *ad valorem* taxes and expenses accrued as of May 31, 2007 in the amount of $4,198.50[1] as to the real property located at 9867 Sawgrass Drive E., Ponte Vedra, Florida.

On July 12, 2007, Rough Creek Association, Inc. filed its Verified Petition and Claim (Dkt. # 43) as to the real property

---

[1] The United States will pay any outstanding *ad valorem* taxes plus interest that have accrued up to the date of the final judgment or order of forfeiture.

located at 9867 Sawgrass Drive E., Ponte Vedra, Florida. On November 27, 2007, a Stipulation was executed between the United States and the Rough Creek Association, Inc. (Dkt. # 53, Ex. C), wherein the United States recognizes the unpaid assessments and expenses accrued as of July 6, 2007 in the amount of $6,283.89.[2]

No claim has been filed as to the 1999 GMC pick up and/or the 1962 Chevrolet Corvette, no potential third party claimants are known to the government, and the time for filing such claims has expired. On November 29, 2007, the United States filed its Motion and Memorandum for Issuance of a Final Judgment of Forfeiture for Substitute Assets (Dkt. # 53) as to the above-described vehicles and real properties.

Accordingly, after due consideration and the finding of the Court that the United States has established the requisite nexus for forfeiture of the above-described vehicles and real properties, pursuant to Rule 32.2(e)(1)(B), Federal Rules of Criminal Procedure, and 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), the Court finds it appropriate to grant the Government's Motion.

---

[2] The United States will pay any outstanding assessments, allowable interest, attorneys' fees and costs that have accrued up to the date of the sale of the property. If the parties are not able to agree as to assessment of interest, it shall be submitted to the court for determination.

Accordingly, it is hereby

**ORDERED ADJUDGED and DECREED:**

(1) The Motion and Memorandum of the United States for Issuance of a Final Judgment of Forfeiture for Substitute Assets (Dkt. # 53) is hereby **GRANTED,** and the above-described vehicles and real properties are forfeited to the United States of America.

(2) The United States Marshals Service shall make appropriate disposition of the above-described vehicles and real properties in accordance with the law.

(3) The net proceeds from the sale of the above-described vehicles and real properties will be applied in partial satisfaction of the Personal Money Judgment (Dkt. # 23) entered against Defendant Michael Lee McCafferty.

**DONE** and **ORDERED** in Chambers in Jacksonville, Florida, this 30th day of November, 2007.

---
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to:

All Counsel and Parties of Record